MATTHEW F. DUGGAN
DUGGAN LAW OFFICES, PLLC
23505 E. Appleway Ave. Suite 200-175
Liberty Lake, WA 99019
Telephone: (509) 951-2047
Fax: (509) 758-0411
Email: matt@mattdugganlaw.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAJUN MAVALWALLA,<br><br>Defendant. | NO: 1:24-CR-02027-SAB-10<br><br>SUPPLEMENT TO DEFENDANT MAVALWALLA'S MOTION UNDER FED. R. CRIM. P. 29 AND 33 (ECF 374) |

Defendant Bajun Mavalwalla, by and through his attorneys Matthew F. Duggan and Aine Ahmed (pro hac vice), respectfully submits this supplement to his motion for judgment of acquittal or new trial under Fed. R. Crim. P. 29 and 33 (ECF 374). This supplement incorporates and adopts the previously filed motion and offers several additional points. The issues the supplement addresses arise from the jury's unusual verdict, acquitting Mavalwalla of joining the charged conspiracy but finding him guilty of aiding and abetting a conspiracy involving others. ECF 366.

SUPPLEMENT TO RULE 29 AND 33 MOTION

1

**ARGUMENT**

**I.     THE COURT'S INSTRUCTIONS PERMITTED CONVICTION FOR CONDUCT THAT IS NOT CRIMINAL.[1]**

The Court's instructions on aiding and abetting (Instruction No. 17) and the elements of 18 U.S.C. § 372 (Instruction No. 15) permitted the jury to convict Mavalwalla for conduct that is not a crime. As explained below, § 372 does not include an overt act as an element. The Court's instructions nonetheless added that element (ECF 361 at 20) to § 372 and then told the jury it could convict Mavalwalla under an aiding and abetting theory if it found (among other things) that he had "aided, counseled, commanded, induced, or procured [a conspirator] with respect to at least one element" of the conspiracy offense, including the overt act element the Court erroneously added. ECF 361 at 23 (emphasis added). Given the evidence at trial (outlined at ECF 374 at 2-9), that was almost certainly the basis on which the jury found the aiding and abetting theory proven.

We first show that 18 U.S.C. § 372 does not require proof of an overt act. We then explain how the Court's erroneous inclusion of that element impermissibly expanded the scope of aiding and abetting liability.

**A.  18 U.S.C. § 372 Does Not Require Proof of an Overt Act.**

---

[1] For purposes of this Part and Parts II and III, we assume that aiding and abetting a conspiracy is cognizable as a federal criminal offense.  As we argue in Part IV, it is our position--contrary to current Ninth Circuit law--that aiding and abetting a conspiracy is not a federal crime.

SUPPLEMENT TO RULE 29 AND 33 MOTION

Section 371 of Title 18--the general federal conspiracy statute--requires proof that "one or more [conspirators] do any act to effect the object of the conspiracy." 18 U.S.C. § 371. Section 372, by contrast, contains no such express overt act element. In case after case, courts have held that conspiracy offenses do not require proof of an overt act unless the statute creating the offense says so expressly (as § 371 does and § 372 does not). In United States v. Shabani, 513 U.S. 10 (1994), for example, the Supreme Court held unanimously that 21 U.S.C. § 846, the federal drug conspiracy statute, does not require proof of an overt act. The Court reached this conclusion based on the plain language of § 846, which does not include an overt act element; on Congress' express inclusion of that element in some other conspiracy statutes, such as § 371 and 18 U.S.C. § 1511(a), suggesting that the absence of such an element in § 846 was deliberate; on the absence of an overt act element at common law; and on the Court's refusal to read an overt act element into other conspiracy statutes. See id. at 13-14; see also, e.g., *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005) (no overt act required for money laundering conspiracy, 18 U.S.C. § 1956(h)); *Salinas v. United States*, 522 U.S. 52, 63 (1997) (no overt act required for RICO conspiracy, 18 U.S.C. § 1962(d)); *United States v. Gonzalez*, 906 F.3d 784, 792 (9th Cir. 2018) (no overt act required for conspiracy to violate civil rights, 18 U.S.C. § 241); *United States v. Ehmer*, 87 F.4th 1073, 1115 (9th Cir. 2023) (no overt act required for fraud conspiracy statute, 18 U.S.C. § 1349), cert. denied, 145 S. Ct. 574 (2024).

The Shabani analysis controls here. The plain language of § 372 requires only that "two or more persons . . . conspire" to engage in the conduct described in the statute; it does not require proof of an overt act. See *United States v. Gerhard*, 615 F.3d 7, 23 (1st Cir. 2010) (§ 372, unlike § 371, does not require proof of an overt act).

### B. By Adding the Overt Act Element to § 372, the Court Impermissibly Expanded the Scope of Aiding and Abetting Liability.

SUPPLEMENT TO RULE 29 AND 33 MOTION

3

The Court instructed the jury, in line with Ninth Circuit Pattern Instruction 4.1 (2022), that aiding and abetting required the government to prove, among other things, that "the defendant aided, counseled, commanded, induced, or procured [a conspirator] with respect to at least one element of Conspiracy to Impede or Injure any Officer of the United States in the discharge of their Official Duties." ECF 361 at 23 (emphasis added).

To determine whether the government had proven this requirement for aiding and abetting liability, the jury had to first consider the elements of an 18 U.S.C. § 372 conspiracy and then determine whether Mavalwalla had aided, counseled, commanded, induced, or procured a conspirator with respect to any one of those elements.

The Court's Instruction No. 15 controlled the first step of this analysis. That instruction identified three elements of the § 372 offense: (1) that on or about June 11, 2025, there was an agreement between two or more persons to do at least one of the four acts outlined in § 372; (2) that the defendant became a member of the conspiracy intending to help accomplish its purpose; and (3) that "one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy." ECF 361 at 20. The aiding and abetting instruction, in turn, required the jury to determine whether Mavalwalla aided, counseled, commanded, induced, or procured a conspirator with respect to one or more of those three elements. ECF 361 at 23.

Crucially, if the jury found that Mavalwalla aided, counseled, commanded, induced, or procured a conspirator with respect to the overt act element the Court added to the conspiracy offense, the instructions permitted it to find this aiding and abetting requirement satisfied. That is so even if the jury concluded that the government had not proven that Mavalwalla aided,

SUPPLEMENT TO RULE 29 AND 33 MOTION

4

counseled, commanded, induced, or procured a conspirator with respect to either of the other two

§ 372 elements (elements (1) and (2) above).[2]

That brings us to the fatal problem: As we have shown, 18 U.S.C. § 372 does not require proof of an overt act. That is not an element of the offense. By permitting the jury to convict Mavalwalla if it found that he aided, counseled, commanded, induced, or procured a conspirator with respect to that non-element, the Court impermissibly expanded the conduct for which the jury could find him guilty under an aiding and abetting theory.

Put differently, to find Mavalwalla guilty of aiding and abetting the alleged conspiracy under a correct interpretation of § 372, the jury had to find that he aided, counseled, commanded, induced, or procured a conspirator either with respect to the existence of the conspiratorial agreement (element (1) above) or with respect to the conspirator joining the conspiracy (element (2) above) or both. It would not be enough to find that Mavalwalla aided, counseled, commanded, induced, or procured a conspirator only with respect to an overt act, because an overt act is not an element of a § 372 offense. Because the Court's instructions erroneously permitted conviction on precisely that basis, Mavalwalla should receive a new trial.

**II. THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE AIDING AND ABETTING VERDICT.**

---

[2] As we discuss in Part II below, the evidence is insufficient for the jury to find that Mavalwalla aided, counseled, commanded, induced, or procured a conspirator with respect to elements (1) and (2) of the § 372 offense.

SUPPLEMENT TO RULE 29 AND 33 MOTION

Mavalwalla demonstrated in his initial motion that the evidence is insufficient to support his conviction for aiding and abetting the alleged § 372 conspiracy, because there is no evidence he was aware of the alleged conspiratorial agreement. We expand on that point here in two respects.

First, as noted the aiding and abetting instruction required the government to prove that "the defendant aided, counseled, commanded, induced, or procured [a conspirator] with respect to at least one element" of the charged § 372 conspiracy. ECF 361 at 23. Because § 372 does not have an overt act element, that means the government had to prove that Mavalwalla aided, counseled, commanded, induced, or procured a conspirator with respect to at least one of the following elements: (1) that "on or about June 21, 2025, there was an agreement between two or more persons" to engage in one or more of the actions specified in § 372, or (2) "the Defendant became a member of the conspiracy knowing of its purpose and intending to help accomplish that purpose." ECF 361 at 20.

As outlined in Mavalwalla's initial motion, there is no evidence--none--that he aided, counseled, commanded, induced, or procured anyone to form the alleged conspiratorial agreement or to join the conspiracy. There is a complete failure of proof on this requirement for aiding and abetting liability.

Second, aiding and abetting requires proof that Mavalwalla "acted with the intent to facilitate" the alleged § 372 conspiracy. ECF 361 at 23. According to the Court's instruction, "[a] defendant acts with the intent to facilitate the crime when the defendant actively participates in a

SUPPLEMENT TO RULE 29 AND 33 MOTION

6

criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime." ECF 361 at 24; see, e.g., *United States v. Goldtooth*, 754 F.3d 763, 768-69 (9th Cir. 2014). The "criminal venture" here is the alleged conspiratorial agreement--not an overt act and not a substantive offense. There is no evidence that Mavalwalla "actively participate[d]" in the alleged agreement (whatever that means), or that he had "advance knowledge" of the alleged agreement, or that he acquired that (non-existent) knowledge "when [he] still had a realistic opportunity to withdraw from the crime."[3]

For these reasons, as well as the reasons in the initial motion, the evidence is insufficient to sustain the conviction. Judgment of acquittal must be granted.

### III. THE AIDING AND ABETTING CONSPIRACY OFFENSE IS UNCONSTITUTIONALLY VAGUE AS APPLIED IN THIS CASE.

As applied here, the aiding and abetting theory--if it constitutes an offense at all--is impermissibly vague. Judges have long decried conspiracy as an "elastic, sprawling and pervasive offense." *Krulewitch v. United States*, 336 U.S. 440, 445 (1949) (Jackson, J., concurring); see, e.g., *United States v. Tuohey*, 867 F.2d 534, 537 (9th Cir. 1989) (noting "broad scope" of § 371, requiring "careful[]" review and "narrow[]" construction). When aiding and abetting is layered on top of the already "elastic" conspiracy offense, the line between criminal and non-criminal conduct becomes unintelligible.

---

[3] It should be noted that the initial linking of arms by protestors at the south gate occurred seconds before ICE agents began shoving protestors. Protestors then continued to re-link arms during and after the agents' attempts to move the crowd

SUPPLEMENT TO RULE 29 AND 33 MOTION

7

The Supreme Court has long held that a criminal statute must provide an "ascertainable standard of guilt." *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921). As a matter of due process, "a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); see, e.g., *Skilling v. United States*, 561 U.S. 358, 412 (2010). Under this principle, a criminal provision must pass two tests: it must provide fair warning to potential violators, and it must cabin the discretion of the police, prosecutors, and juries. The aiding and abetting conspiracy theory flunks both.

To pass the first test, a criminal statute must provide "'fair warning . . . to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" *United States v. Aguilar*, 515 U.S. 593, 600 (1995) (quoting *McBoyle v. United States*, 283 U.S. 25, 27 (1931)); see also *M. Kraus & Bros. v. United States*, 327 U.S. 614, 621 (1946) (provision must be "explicit and unambiguous in order to sustain a criminal prosecution"); *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939) ("No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids.").

The aiding and abetting conspiracy theory does not come close to meeting these standards. Start with conspiracy itself. The interpretation of conspiracy reflected in the Ninth Circuit pattern instructions--and in this Court's instructions--underscores how amorphous that offense is. The agreement is the central--and for most conspiracy offenses, including § 372, the only--element of the crime. But no clear line tells the world when an agreement exists. Under the

SUPPLEMENT TO RULE 29 AND 33 MOTION

8

Court's instructions, "it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy," and "one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all the other members." Nor is it a defense that a person's "participation in a conspiracy was minor or for a short period of time." ECF 361 at 18.

That is confusing enough. But now add the aiding and abetting overlay. How is an outsider to the conspiratorial agreement such as Mavalwalla supposed to know whether an agreement exists? What does it mean to "aid" a conspirator with respect to the conspiratorial agreement? In these and other respects, "ordinary people," *Kolender*, 461 U.S. at 357--people, in other words, without legal training--are necessarily left to "speculate as to the meaning" of the aiding and abetting conspiracy theory, *Lanzetta*, 306 U.S. at 453.

The prosecutorial discretion component of the vagueness doctrine focuses on a separate interest from the fair warning component: the systemic importance of clearly drawn criminal statutes as a means of preventing the government from arbitrarily targeting and convicting individuals. Thus, even if a statute provides fair warning, it may nonetheless be impermissibly vague if it fails adequately to restrain official discretion. See, e.g., *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (plurality opinion). "Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.'" *Kolender*, 461 U.S. at 358 (quoting *Smith v. Goguen*, 415 U.S. 566, 575 (1974)). In that event, the statute violates due process "not because it provides insufficient notice, but because it does not provide sufficient

SUPPLEMENT TO RULE 29 AND 33 MOTION

9

minimal standards to guide law enforcement officers." *Morales*, 527 U.S. at 72 (Breyer, J., concurring) (quotation omitted).

The aiding and abetting conspiracy theory fails this test as well, particularly under the circumstances of this case. The theory has such a "standardless sweep" that prosecutors can target virtually anyone who participates in a protest against government policy. Juries too are left free to "pursue their personal predilections." Only the exercise of prosecutorial discretion constrains the scope of the aiding and abetting conspiracy theory, and the Supreme Court has long held that it "cannot construe a criminal statute on the assumption that the Government will 'use it responsibly.'" *McDonnell v. United States*, 579 U.S. 550, 576 (2016) (quoting United *States v. Stevens*, 559 U.S. 460, 480 (2010)).

For these reasons, the aiding and abetting conspiracy theory--if it constitutes an offense at all--is impermissibly vague, at least as applied under the circumstances of this case. The theory provides no "ascertainable standard of guilt" and thus violates due process. *L. Cohen Grocery Co.*, 255 U.S. at 89.

### IV. THERE IS NO FEDERAL OFFENSE OF AIDING AND ABETTING A CONSPIRACY.

To date, the Ninth Circuit has held that a defendant can be convicted of aiding and abetting a conspiracy. See, e.g., *United States v. Katakis*, 796 Fed. Appx. 400, 402 (9th Cir. 2020) (unpublished); *United States v. Portac, Inc.*, 869 F.2d 1288, 1293 (9th Cir. 1989); *United States v. Lane*, 514 F.2d 22, 26-27 (9th Cir. 1975). We recognize that this Court is bound by these decisions. We wish to preserve for appeal (if necessary) our contention that there is no such federal offense as aiding and abetting a conspiracy, as some federal judges have concluded. See,

SUPPLEMENT TO RULE 29 AND 33 MOTION

e.g., *United States v. Sanchez*, 925 F. Supp. 991, 995 n.3 (S.D.N.Y. 1996) ("In my view, a defendant cannot aid and abet a conspiracy."); id. at 1001 (on reconsideration, court reiterates that the defendant "could not aid and abet the crime of conspiracy"); *United States v. Moreno*, 710 F. Supp. 1136, 1137 (E.D. Mich. 1989) ("[O]ne cannot aid and abet a conspiracy."), vacated in part on other grounds, 899 F.2d 465 (6th Cir. 1990).

**CONCLUSION**

For these reasons, and for the reasons stated in ECF 374, the Court should either grant judgment of acquittal under Rule 29 or order a new trial under Rule 33.

DATED JULY 6TH 2026

/s/ Matthew F. Duggan

MATTHEW F. DUGGAN

ATTORNEY FOR DEFENDANT

WSBA NO. 21852

CERTIFICATE OF SERVICE

I hereby certify that on July 6th, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Rebecca Perez, Assistant United States Attorney.

/s/ Matthew F. Duggan

Matthew F. Duggan

Attorney for Defendant

matt@mattdugganlaw.com

SUPPLEMENT TO RULE 29 AND 33 MOTION

11